IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:21-CR-3030 |
| vs. | SUPPLEMENTAL TENTATIVE FINDINGS |
| JOSEPH WARD, JR., | |
| Defendant. | |

The defendant has filed two objections—one to the revised presentence report, and one to the sentencing recommendation. Filing 76; filing 77. The Court's tentative finding is that the defendant's objection to the presentence report is without merit. And the Court will overrule the defendant's objection to the sentencing recommendation.

Before addressing the specific issues raised by the objections, however, the Court notes that it's not obliged to do so. The order on sentencing schedule in this case set a deadline of June 9, 2022 for objections to the revised presentence report and motions for departure or variance. Filing 48. When no objections or motions were filed, the Court entered its tentative sentencing findings. Filing 53. Since then, the sentencing hearing has been continued a number of times for a number of reasons—but at no point has the defendant's counsel asked for an extension of the long-passed deadline for objections. *See* filing 55; filing 59; filing 66; filing 70.

The Court would be well within its discretion to simply disregard these untimely objections. *See United States v. Dokes*, 872 F.3d 886, 889 (8th Cir. 2017). Having reviewed the defendant's objections, however, the Court finds that most of them are quite likely futile. *See id*. So, the Court will explain why.

## LOSS CALCULATION

The defendant's primary objection seems to be to the presentence report's calculation of loss, for purposes of determining the Guidelines range pursuant to U.S.S.G. § 2B1.1. Filing 76 at 1-3. But as best the Court can tell, the defendant's objection is to the wrong presentence report.

As relevant, the defendant's scheme involved a line of credit established at a local bank, which the defendant accessed by submitting invoices from his accounts receivable to the bank. The bank then made a substantial percentage of the funds available to the defendant immediately, and the defendant's debtor paid the bank directly instead of the defendant. The defendant has admitted submitting false invoices to the bank—in other words, falsely representing he was owed money that he wasn't—causing the bank to advance him funds on false pretenses. *See* filing 46 at 2-5.

The defendant's objection begins by asserting that "Paragraph 52 [of the presentence report] lists the total intended loss amount as the aggregate of the invoice amounts in counts 1-6 as $353,163." Filing 76 at 2. But it doesn't. Paragraph 52 of the *revised* presentence investigation report (which is the only version the Court has, *see* filing 48) simply states that the relevant sentencing guideline is § 2B1.1. It's hard to be certain, but the Court's best guess is that the defendant is simply reasserting his objection to the initial presentence report (the one provided only to counsel).[1]

---

[1] This actually causes difficulty for the Court throughout, because getting all the paragraph numbers wrong makes it hard for the Court to understand some of the defendant's arguments. The Court has done its best to track the issues—and can figure out most of them from contextual clues—but, for instance, an objection like "the Defendant objects to paragraph 85 as it contains nothing but hearsay allegations, no charges were filed," *see* filing 76 at 7, doesn't provide the Court with much of a basis to identify the objected-to finding.

That's a problem when it comes to the substance of the defendant's objection, because what he's complaining about is that the defendant's arrangement with the bank only involved advancing a percentage of the invoices provided. So, he says, the *intended* loss for Guidelines purposes should be the amount to be advanced, not the amount of the invoice. Filing 76 at 2.

Fair enough—but the *revised* presentence report clearly identifies the total amount of the invoices ($353,163), and subtracts the amount withheld from advance ($67,909.96) and a small amount actually paid on an invoice by a customer ($11,054), to reach an outstanding balance of $274,199.04—not coincidentally, the precise amount reflected in the parties' plea agreement for both intended loss calculation and restitution. Filing 46 at 5-7. And that amount is also reflected in the Guidelines calculation—a loss of more than $250,000 but less than $500,000, for a 12-level increase in the offense level. *See* § 2B1.1(b)(1). So, the question is: What are we arguing about here? It certainly appears to the Court that this issue is handled, correctly, in the revised presentence report—which agrees with the plea agreement.

That said, the defendant does also suggest, in passing, that the "intended loss" should be zero, because it was a line of *credit* and the defendant was "aware that the amounts would need to be paid back." Filing 76 at 2. There are three problems with that. The first problem is that the Court bases its guidelines calculation on the greater of the actual loss or intended loss, § 2B1.1 cmt. n.3(A), and here $274,199.04 also appears to be the *actual* loss. Second, in determining actual or intended loss in relation to a fraudulently obtained loan, the Court may consider the value of the pledged "collateral"—here, the accounts receivable. *See United States v. Martinez*, 690 F.3d 1083, 1087 (8th Cir. 2012). But finally—and dispositively, unless the defendant wants to breach his plea agreement—is that in the plea agreement, "The parties agree that the defendant should be held responsible beyond a reasonable doubt for an intended

loss amount of $274,199.04 and, therefore, pursuant to U.S.S.G. 2B1.l(b)(l)(G), the defendant's base offense level is increased by 12 levels." Filing 46 at 6. So, again: What are we arguing about here?

So far as the Court can tell, the presentence report is entirely consistent with the parties' plea agreement, and the defendant's objections are either unresponsive to the *revised* presentence report or without merit. Accordingly, the Court's tentative finding is that the defendant's objection to the loss calculation should be overruled.

### CRIMINAL HISTORY

The defendant objects to including a number of his prior convictions in the criminal history calculation. Filing 76 at 4-5. But even assuming the Court has correctly identified the paragraphs at issue, the basis for the defendant's main argument is unclear. The defendant repeatedly complains, with respect to each prior conviction, "that the sentence was imposed more than 10 years prior to the defendant's commencement of the instant offense, and cannot be counted pursuant to [U.S.S.G. §§] 4A1.1(c) and 4A1.2(e)(3)." Filing 76 at 4-5.

But literally *none* of the four convictions listed in the revised presentence report happened more than 10 years before commencement of this offense. The defendant expressly admitted that his scheme began "on or about April 11, 2017." Filing 46 at 3. That's 9 years, 7 months, and 10 days after the earliest of his prior sentences was imposed on November 21, 2008.

Of course, it's the government's initial burden to prove the fact of a defendant's prior conviction by a preponderance of the evidence, with accurate and reliable documentation. *See United States v. Rodriguez,* 711 F.3d 928, 940 (8th Cir. 2013). So, the Court will make a final determination on this issue at sentencing—but assuming the dates in the presentence report are borne out, the defendant's objection to these criminal history points will be overruled.

CRIMINAL JUSTICE SENTENCE

The presentence report assesses an additional two criminal history points, pursuant to § 4A1.1(d), for offending while under a criminal justice sentence—specifically, an undischarged term of probation imposed in Colorado in November 2008, and an undischarged deferred sentence imposed in Oklahoma in January 2010. The defendant objects to both. Filing 76 at 4-6.

The defendant represents that the defendant's Colorado term of probation was, in fact, successfully completed, and that the motion to accelerate the defendant's deferred sentence was withdrawn. Filing 76 at 4-6. The probation office, however, found no evidence of that, and represents that U.S. Probation in the District of Colorado and Western District of Oklahoma confirmed active warrants associated with those cases.[2] In other words, there's a factual dispute—meaning it's the government's burden to establish the factual basis for these criminal history points. *See United States v. McClure*, 358 F. App'x 5, 11 (10th Cir. 2009); *United States v. Camilo*, 71 F.3d 984, 986 (1st Cir. 1995). So, the Court will resolve this issue at sentencing.[3]

REMAINING OBJECTIONS TO PRESENTENCE REPORT

The defendant also asserts a number of objections that don't bear on the Guidelines calculation, but the Court will briefly address them.

---

[2] The Court notes that in the addendum to the presentence report, the probation officer explained that "[s]hould counsel provide verification that probation supervision was terminated (said information has been requested from counsel) and the warrants are invalid, the undersigned officer agrees the additional two points would not apply." That was over 10 months ago. Was anything done about this?

[3] To the extent necessary. If the defendant's prior offenses all count, that's four criminal history points, meaning he would be in criminal history category III regardless of whether two additional points are assessed pursuant to § 4A1.1(d).

First, the defendant also objects to his prior convictions, "on the basis that it overstates the seriousness of the matter, as there are no unaddressed issues or matters remaining with respect to this sentence." Filing 76 at 4-6. The Court's not quite sure what that means, but it's not a proper basis for objecting to the presentence report—criminal history is, after all, criminal *history*. An absence of unaddressed issues with respect to prior sentences is the norm—that's why a defendant gets extra criminal history points if an earlier sentence remains undischarged. *See* § 4A1.1(d).

The defendant similarly objects to the entire criminal history score as "vastly overstat[ing] the seriousness of the defendant's prior convictions." Filing 76 at 7. Again, that's not a basis for objecting to the presentence report. It might support a motion for downward departure or variance, *see* U.S.S.G. § 4A1.3(b), but the defendant hasn't filed such a motion.[4]

The defendant takes further issue with the presentence report's description of his gang affiliation. As the Court understands the objection, he's not denying his association with the motorcycle club at issue—just whether it's a "gang." *See* filing 76 at 7. But if the information is accurate—which the

---

[4]  In sentencing a defendant, the Court must first determine the advisory sentencing range as recommended by the Guidelines. Next, the Court must decide if any applicable Guidelines provisions permit a traditional "departure" from the recommended sentencing range. Then, in determining the actual sentence that should be imposed, the Court must consider whether the factors in § 3553(a) justify a "variance" outside the final advisory Guidelines sentencing range. *United States v. Lozoya*, 623 F.3d 624, 625-26 (8th Cir. 2010).

An objection to the presentence report goes to whether the facts stated in the presentence report are accurate and the Guidelines range is correctly calculated. Arguments about the weight the Court should give those facts at sentencing and any mitigating circumstances belong in a motion for departure or, more commonly, variance. In other words, "That's wrong, it didn't happen" is an objection to the presentence report, but "Hold on, let me explain" is a motion for departure or variance.

- 6 -

defendant doesn't seem to dispute—then characterizing it as a "gang" appears to be fair. *See United States v. Street, 548 F.3d 618, 630 (8th Cir. 2008)*. And, again, that doesn't affect the Guidelines calculation. Neither do the defendant's complaints about his child support payments. *See* filing 76 at 7.

### OBJECTION TO SENTENCING RECOMMENDATION

Finally, the defendant also objects to the probation officer's sentencing recommendation. The Court will overrule this objection: The sentencing recommendation is just that—a *recommendation*—and it's accurate if it accurately represents the probation officer's opinion. Counsel are, of course, free to *disagree* with that opinion, but no objection is necessary for counsel on both sides to argue for what they believe to be an appropriate sentence.

IT IS ORDERED:

1. The defendant's objection to the presentence report (filing 76) is taken under advisement.

2. The defendant's objection to the sentencing recommendation (filing 77) is overruled.

Dated this 12th day of April, 2023.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
Senior United States District Judge